UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 NOV -9 P 12: 43

U.S. DISTRICT COURT
HARTFORD, CT.

Reginald White,
      Petitioner,

    v.

UNITED STATES OF AMERICA,
      Respondant.

Civil No. 3:02-CV-1944(CFD)

Criminal No. 3:01-CR-212(CFD)

### MOTION FOR SUMMARY JUDGMENT
### PURSUANT TO RULE 56(c) FEDERAL RULES OF CIVIL PROCEDURE

AND NOW COMES Reginald White, petitioner pro se, and hereby moves this Honorable Court for summary judgment as a matter of law as petitioner has shown that there is no genuine issue as to any material fact in the instant motion to vacate, set aside or correct sentence under 28 U.S.C. §2255.

As grounds for this motion, petitioner submits the following:

1. On or about October 25, 2002, petitioner sought to vacate, set aside or correct sentence in the grounds that he received ineffective assistance of counsel.

2. This Honorable Court ORDERED the United States to file a response by November 22, 2002.

3. On November 22, 2002, the United States moved the Court for an enlargement of time within which to reply to the Court's ORDER.

4. The main issue in the United States's motion for enlargement of time was to ascertain an informed response from defense counsel, one

-1-

Jeremiah Donovan, Esq., in the form of an affidavit corroborating or refuting petitioner's claims.

    5. On December 23, 2002, this Honorable Court GRANTED the United States' motion with respect to attorney-client privilege as to all information reasonably related to petitioner's claims of ineffective assistance of counsel citing <u>Tasby v. United States</u>, 504 F.2d 332 (8th Cir. 1974), <u>cert</u>. <u>denied</u>, 419 U.S. 1125 (1975).

    6. On March 12, 2003, petitioner received the United States' memorandum in opposition to his motion to vacate, but never received any affidavit from defense counsel refuting or corroborating his claims.

    7. On November 14, 2003, petitioner filed a "Motion to Compel Discovery" requesting the United States to furnish petitioner with discovery, specifically, an affidavit from counsel, Jeremiah Donovan, Esq., either corroborating or refuting petitioner's accusations made in his 28 U.S.C. §1746 Certification (Affidavit of Reginald White).

    8. On December 30, 2003, this Honorable Court ORDERED the Government to respond to petitioner's "Motion to Compel Discovery".

    9. On or about January 29, 2004, the Government complied with the court's ORDER and suggested that the motion under §2255 be denied, but failed to produce any affidavit corroborating or refuting petitioner's <u>off the record</u> allegations.

    10. On February 9, 2004, petitioner traversed the Government's response moving for judgment in his favor, or in the alternative an evidentiary hearing on the grounds that counsel's failure to submit any affidavit constitutes his acquiescence with respect to petitioner's claims.

11. On or about June 3, 2004, petitioner filed a "Motion For Default Judgment" on the grounds that the Government failed to secure any affidavit corroborating or refuting petitioner's <u>off the record</u> allegations, therefore, moving this Honorable Court for judgment on the pleadings in its entirety because of the Government's default in its failure to secure any affidavit from counsel. See <u>Patel v. Contemporary Classics of Beverly Hills</u>, 259 F.3d 123 (2nd Cir. 2001).

12. Petitioner now moves this Honorable Court for summary judgment as a matter of law as petitioner has shown that there is no genuine issue as to any material fact, since the pleadings, any answers to the Court's previous ORDERS together with petitioner's affidavit, conclusively shows that there is no genuine issue as to whether counsel was ineffective as indicated in petitioner's affidavit, and therefore, petitioner is entitled to judgment as a matter of law. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

13. Petitioner also submits that the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at any evidentiary hearing, and, there can be "no genuine issue as to any material fact", since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. <u>Id.</u> at 477 U.S. 323.

14. In this case, the nonmoving party has had over 2 years to

to ascertain any information to make a showing sufficient to establish the existence of an element essential to that party's case, i.e., whether the off the record allegations made by petitioner were true with respect to petitioner's request for counsel to file an appeal of the sentence based upon the issue of drug quantity and drug type which could have yielded a lower sentence.

15. Since the United States has failed to secure any affidavit refuting the allegations alleged in petitioner's affidavit, the Government has failed to meet its burden, and therefore, there is no genuine issue as to the material fact of this pleading in dispute.

WHEREFORE, THE MOVING PARTY has met its burden and summary judgment is mandated against the nonmoving party in the form of REMANDING this case to the district court so that petitioner can argue for the lowest possible sentence and pursue an appeal if the lowest possible sentence is not acquired. In the alternative, judgment is at least warranted in the form of an evidentiary hearing to test the truth of the allegations in petitioner's 28 U.S.C. §1746 Certification.

Done this 4th day of November, 2004.

Respectfully Submitted,

*Reginald White*

Reginald White - Pro Se #143376-014
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

# PROOF OF SERVICE

I certify that on  11-04-04  (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

Clerk of the Court
U.S. District Court
District of Connecticut
450 Main Street
Hartford, CT 06103
(Original and Two Copies of
 Motion for Summary Judgment)

Michael J. Gustafson-AUSA
U.S. Attorney's Office
District of Connecticut
450 Main Street
Hartford, CT 06103
(One Copy of Motion for
 Summary Judgment)

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on  11-04-04  (date) for forwarding to the ~~Court of Appeals~~. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_Reginald White_
Signature
Reginald White - Pro Se #14376-014
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

Dated: _November 4, 2004_