UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Reginald White,<br>     Petitioner, | : | Criminal No. 3:01-CR-212(CFD) |
| | : | Civil No. 3:02-CV-1912(CFD) |
|     v. | : | |
| UNITED STATES OF AMERICA,<br>     Respondant. | : | |

PETITIONER'S PRO SE
MOTION TO GRANT WRIT

    AND NOW COMES Reginald White, petitioner pro se, and prays and respectfully moves this Honorable Court to GRANT the writ of habeas corpus pursuant to 28 U.S.C. §2255, as there has clearly been an infringement or denial of the constitutional rights of petitioner in that counsel was ineffective for failing to argue for the lowest possible sentence at the sentencing, and for failing to file an appeal of the sentence at petitioner's request in violation of petitioner's right to due process of law under the Fifth Amendment to the Constitution and Sixth Amendment right to effective assistance of counsel at every stage of a criminal proceeding.

    As grounds for this motion, petitioner submits the following:

    1. On or about December 22, 2003, this Honorable Court handed down a ruling GRANTING the government's motion for waiver of attorney-client privilege, pursuant to Tasby v. United States, 504 F.2d 332 (8th Cir. 1974), cert. denied, 419 U.S. 1125 (1975), as to all information reasonably related to petitioner's ineffective assistance of counsel claim as alleged in peti-

-1-

tioner's 28 U.S.C. §1746 Certification (Affidavit of Reginald White).

2. As of the writing of this moving paper to grant the writ, the government has not ascertained any affidavit to refute petitioner's claims that he requested counsel to argue for the lowest possible sentence or his request to counsel to file an appeal.

3. Petitioner's affidavit intimates that he requested counsel to object to the amount  and type of controlled substance in question because the lab report had indicated that the net weight of the substance was 22.2 grams of cocaine and that would enable petitioner to receive a sentence of less than the 120 month mandatory minimum.

4. At the sentencing, counsel never argued for a sentence of less than the 120 months mandatory minimum based on the information contained in the lab report.  Even if the substance in question was determined to be cocaine base instead of cocaine, I would have been eligible to receive a sentence of less than the 120 months' mandatory minimum I am now serving.

5. There is no question that counsel was ineffective for failing to object and argue for a lesser sentence based upon the information contained in the lab report, especially when the possible sentencing disparity is a 100:1 ratio for cocaine hydrochloride versus cocaine base (crack form). The Due Process Clause of the Constitution protects an accused against conviction except upon proof beyond a reasonable doubt of **every fact** necessary to constitute the crime with which he is charged.  See In re Winship, 397 U.S. 358, at 364 (1970).

6. And, petitioner respectfully submits that he did in fact give timely direction to counsel to file an appeal of the sentence because of

-2-

the disparity in the sentencing ratio and the sentence imposed being contrary to the evidence in the lab report. Counsel's failure to file said notice of appeal constitutes constitutionally ineffective assistance of counsel. See Roe v. Flores-Ortega, 528 U.S. 470 (2000).

WHEREFORE, Petitioner Reginald White, prays and respectfully moves this Honorable Court to GRANT the writ of habeas corpus and ORDER the following relief:

A) VACATUR of the judgment and REMAND for RESENTENCING to allow petitioner the opportunity to argue for the lowest possible sentence pursuant to the plea agreement; or

B) REMAND petitioner for an EVIDENTIARY HEARING to test the truth of the allegations in his 28 U.S.C. §1746 Certification, and allow counsel the opportunity to testify as to whether petitioner in fact requested counsel to argue for a sentence below the statutory minimum of 120 months based on the information contained in the lab report or whether petitioner requested counsel to file a notice of appeal of the sentence;

1. If an evidentiary hearing on relief requested is GRANTED in the form of a RESENTENCING or TESTIMONIAL DISCOVERY of counsel, petitioner is respectfully requesting appointment of counsel pursuant to 18 U.S.C. §3006A(2)(B).

Done this _2_ day of _March_____ , 2005.


Respectfully Submitted,

_Reginald White_

Reginald White - Pro Se #14376-014
LSCI Allenwood
P.O. Box 1000
White Deer, PA  17887-1000

-3-

# PROOF OF SERVICE

I certify that on *March 2, 2005* (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

Clerk's Office
U.S. District Court
District of Connecticut
450 Main Street
Hartford, CT 06103
(Original and Two Copies of Motion
To Grant Writ)

Michael J. Gustafson-AUSA
U.S. Attorney's Office
District of Connecticut
450 Main Street
Hartford, CT 06103
(One Copy-Same)

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on *March 2, 2005* (date) for forwarding to the XXXXXXXXXXXXXX. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

*Reginald White*

Signature
Reginald White - Pro Se
Reg. No. 14376-014
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

Dated: *March 2, 2005*

*:\FORMS\BRFS-APP\Informal Brief Questionnaire.wpa*