UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.   3:01 CR 212 (CFD) |
| | : | Civil No.        3:02 CV 1912 (CFD) |
| REGINALD WHITE | : | |

### RULING ON PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255

Petitioner Reginald White, sentenced by the Court on August 6, 2002 to 120 months' imprisonment for distribution of cocaine base, moves to vacate his sentence under 238 U.S.C. § 2255. White claims that his guilty plea was based on ineffective assistance of counsel, and therefore his sentence must be set aside. For the reasons discussed below, the motion to vacate is denied.

**I.    Procedural History**

Reginald White was indicted on September 5, 2001, along with three co-defendants, for conspiracy to distribute and distribution of crack cocaine. On January 6, 2002, White pled guilty (pursuant to a negotiated plea agreement) to Count Six of the Superseding Indictment, which charged him with distribution of 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(iii).[1] In his negotiated plea agreement, White stipulated that between 50 and 150 grams of cocaine base ("crack") could be attributed to him for purposes of sentencing. White also waived his right to appeal or collaterally attack any sentence not exceeding 121 months. On August 6, 2002, the

---

[1] Following sentencing, the conspiracy count of the Superseding Indictment was dismissed on motion of the Government.

Court sentenced White to 120 months' imprisonment, the statutory mandatory minimum for his offense, to be followed by a term of supervised release of five years.[2]

In his § 2255 motion, White alleges ineffective assistance of counsel on several grounds: (1) petitioner instructed counsel to file an appeal of his sentence, which counsel failed to do; (2) counsel failed to correct an inaccurate calculation of petitioner's criminal history in the Probation Office's pre-sentence report; (3) counsel failed to apprise petitioner of the consequences of his plea agreement or to consult him during the plea negotiation process; (4) counsel failed to pursue a reduction under United States Sentencing Guidelines § 3B1.2 for mitigating role in the offense; and (5) counsel failed to challenge at sentencing the drug quantity attributed to White, since the lab report in his case showed that only 22.2 grams of cocaine base were present.[3] White argues that these instances of ineffective assistance of counsel unlawfully induced his guilty plea and rendered it involuntary.

## II.    Legal Standard

In order to prevail on a claim of ineffective assistance of counsel, a defendant must establish both that his "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

## III.    Discussion

---

[2] White's Guidelines range at sentencing was 121-151 months. He received a downward departure to 120 months.

[3] This latter claim of White's was not raised in his original petition, but in a motion to compel discovery and attached affidavit filed over one year later. See Doc. #162.

A. **Effect of White's Appeals Waiver**

The Government argues that White's petition should be dismissed summarily because White waived his appeal rights as to any sentence not exceeding 121 months' imprisonment at the time of plea, including the right to collaterally attack his conviction under 28 U.S.C. § 2255. Because White received a sentence of 120 months' imprisonment, the Government submits that White's appeal waiver is binding upon this petition.

"Knowing and voluntary waivers of a defendant's right to appeal a sentence within an agreed Guidelines range are enforceable." United States v. Salcido-Contreras, 990 F.2d 51, 51 (2d Cir. 1993). At the time of his guilty plea, White was canvassed as to his appeal waiver, with the Court informing him that "if you were to receive a sentence of imprisonment in this case of 121 months or less . . . you would not be able to appeal your sentence or the conviction either in what's called a direct appeal or a habeas corpus petition." Transcript of Guilty Plea, Jan. 22, 2002 ("Plea Tr.") at 18-20. White informed the Court that he had reviewed that provision of his plea agreement with counsel, understood the nature of his waiver, and assented to that portion of his plea.[4] Id. During the Court's canvass, White also stated that his mind was clear and that he was pleading guilty of his own free will. Id. at 5-7, 25. Therefore, White's appeals waiver was knowing, voluntary, and enforceable. See, e.g., United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001) (holding that defendant's testimony at plea allocution carries "a strong presumption of accuracy" and belies, absent "substantial reason," later claims that the plea was unknowing); see also Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988) ("As a general matter, a plea is

---

[4] White similarly informed the Court that he had read the entire plea agreement, reviewed it with counsel, and felt it to fully and accurately reflect the nature of his agreement with the Government. See Plea Tr. at 13, 22.

deemed . . . 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally.")

Nonetheless, the Second Circuit has indicated that in certain circumstances, such as when a defendant claims ineffective assistance of counsel, an appeals waiver may not be enforceable. See, e.g., United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001); United States v. Ready, 82 F.3d 551, 555 (2d Cir. 1996); see also Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal").

Accordingly, the Court will not construe White's appeal waiver to bar his allegations of ineffective assistance. Each claim is evaluated in turn according to the criteria set forth in Strickland.

    **B.**    **White's Allegations of Ineffective Assistance**

        **1.**    **Counsel's Alleged Failure to File Direct Appeal**

White claims that, immediately after sentencing, he directed his lawyer to appeal the sentence on its merits.[5] He further argues that his lawyer's failure to do so constitutes per se ineffective assistance of counsel.

When a criminal defendant agrees to waive his right to appeal a sentence within a

---

[5] White's petition contains no further information as to what he told counsel, or what the grounds of the appeal should have been, simply that a request to appeal the sentence on its merits was made. In subsequent filings, White asserts that the ineffective assistance of counsel claim concerning the failure to file a notice of appeal relates to drug quantity, which is discussed at III.B.5, infra. See, e.g., Doc. #172.

particular range, "a future claim of ineffective assistance is waived when . . . [that claim] attacks the sentence itself and not the underlying plea agreement that supported the sentence." United States v. Jimenez, 106 Fed. Appx. 92, 93 (2d Cir. 2004) (citing United States v. Monzon, 359 F.3d 110, 118 (2d Cir. 2004).  As the Second Circuit explained in United States v. Salcido-Contreras, 990 F.2d 51 (2d Cir. 1993):

> In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.

Id. at 53.

Applying Strickland to this line of cases, the Court cannot find that counsel's failure to file a direct appeal of White's sentence fell below an "objective standard of reasonableness."  As White validly waived his right to appeal a sentence of 120 months, an appeal of the sentence would have violated the terms of his plea agreement and explicit Second Circuit precedent.  The Court of Appeals likely would have refused to hear an appeal on that ground.  See Monzon, 359 F.3d at 118; Hernandez, 242 F.3d at 114.

Nor can White meet Strickland's second prong and show a reasonable probability that the proceeding would have turned out differently but for counsel's errors.  White was sentenced to 120 months' imprisonment, the statutory mandatory minimum for his offense.  He could not have received a lower sentence; therefore, he suffered no harm for lack of an appeal.[6]  See also Collier v. United States, 9 Fed. Appx. 74, 76 ("Given that Collier had made an effective waiver of his

---

[6] White does not claim that he was eligible for a "safety valve" departure under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, or a Government motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.

right of appeal . . . we think it self-evident that his attorney did not act unreasonably in failing to appeal"). White's claim on this ground therefore is denied.

### 2. Counsel's Alleged Failure to Ascertain Criminal History

White alleges that he objected to the Probation Office's calculation of his criminal history in the presentence report. He claims that he told his counsel that three of the criminal history points attributed to him were errors, a net difference that would have moved him from Criminal History Category IV to III.

Again, even if were White to show under Strickland's first prong that counsel's failure to correct the presentence report's criminal history calculations fell below an objective standard of reasonableness, he cannot show that the failure altered the outcome of sentencing. As White was sentenced at the statutory mandatory minimum term of imprisonment, a lower criminal history category would not have resulted in a lesser sentence.[7] White's claim of ineffective assistance on this ground also is denied.

### 3. Counsel's Alleged Failure to Consult Petitioner During Plea Negotiations

White claims that his lawyer failed to fully investigate the charges against him and "allowed him to enter his plea blindly and with no appreciation for the consequences," therefore denying him effective assistance of counsel. See Doc. #159 at 2.

At White's plea allocution, however, the petitioner told the Court under oath that he had

---

[7] The only circumstance in which a lower criminal history category might have benefitted White is if he had been classified a Category I offender with one criminal history point, thus satisfying the first requirement for a "safety valve" adjustment under U.S.S.G. § 5C1.2. White does not argue that he was eligible for such a classification, nor that he met the safety valve criteria.

discussed his case with counsel and was satisfied with his counsel's representation in this matter. See Plea Tr. at 8-9. White then stated that he had read the superseding indictment in his case and discussed it with his lawyer. Id. at 9. The Court then proceeded to inform White of all the rights he was giving up by entering a guilty plea; White agreed with the Court's description of those rights and expressed his willingness to cede them by pleading guilty. Id. at 9-12. The Court further reviewed the penalties and sentencing scheme that applied to White's offense on the basis of his guilty plea. White informed the Court that he understood the applicable maximum penalties in his case. Id. at 25-30. Finally, the Government summarized the evidence against White on the relevant charge, after which White stated that he agreed with the Government's remarks in their entirety. Id. at 32-34. Nonetheless, White now claims that he insisted to his lawyer that he was not guilty of the crime charged, and that had his attorney properly investigated the facts of the case and the weakness of the government's evidence, he would not have entered a guilty plea.[8]

"To get permission to withdraw a guilty plea, a defendant must raise a significant question about the voluntariness of the original plea." United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997). A defendant's "bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." Id. White has provided no specific evidence which would support his allegations and overcome his sworn statements at the

---

[8] White partially bases this argument on his counsel's alleged failure "to challenge the conspiracy indictment when all discovery and evidence clearly indicated" that the elements of conspiracy could not be proven in regard to White and that "the evidence was insufficient to convict him of conspiring to distribute cocaine . . . ." Doc. #159 at 2,3. White, however, pled guilty to *distribution* of cocaine. He was never convicted on the conspiracy count charged in the Superseding Indictment, which was dismissed on motion of the Government at the time of his sentencing. As White neither pled guilty to nor was convicted of conspiracy, the Court will not consider these allegations in evaluating his claim.

plea allocution.[9]

The Court thereby stands by its findings at the time of White's guilty plea that White was "aware of the nature of the charge and the consequences of the plea, and that the plea of guilty [was] a knowing and voluntary plea supported by an independent basis in fact containing each of the elements of the offense."  Plea Tr. at 35.  See also Juncal, 245 F.3d at 171 (holding that a defendant's testimony at allocution "carries such a strong presumption of accuracy that a district court does not . . . abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made."); United States v. Maher, 108 F.3d 1513, 1530 ("The burden of a defendant who has been convicted after pleading guilty, and who contends thereafter that he should be allowed to withdraw his plea because he is innocent, is . . . heavy. The self-inculpatory statements he made under oath at his plea allocution 'carry a strong presumption of verity,' and the court . . . must draw all permissible inferences . . . against the defendant.") White has failed to establish that he received ineffective assistance of counsel during his plea negotiations, nor has he demonstrated that his guilty plea was involuntary.[10]  His claims on this ground are denied.

---

[9] It is for this reason that the Court has exercised its discretion not to hold an evidentiary hearing on White's claim.  The language of § 2255 states that "unless the motion and the files and records conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing."  28 U.S.C. § 2255.  Nonetheless, "to warrant plenary presentation of evidence, the application must contain assertions of fact that a petitioner is in a position to establish by competent evidence."  United States v. Aiello, 814 F.2d 109, 113 (2d Cir. 1987).  If a petitioner puts forward only "airy generalities" or "conclusory assertions," no hearing is required.  Id; see also Blackledge v. Allison, 431 U.S. 63, 76 ("The critical question is whether these allegations, when viewed against the record of the plea hearing, [are] so 'palpably incredible,' so 'patently frivolous or false,' as to warrant summary dismissal") (internal citations omitted).

[10] In his response to the Government's brief opposing his § 2255 petition, White also claims his plea agreement was invalid because he "received nothing for pleading guilty. . . . Defendant waived his constitutional rights and in return for waiving those rights he received

### 4.     Counsel's Alleged Failure to Seek Role Adjustment

White next argues that his lawyer failed to seek an adjustment to White's total criminal offense level pursuant to United States Sentencing Guidelines § 3B1.2.  That section provides for reduced penalties in certain circumstances when the defendant has played a minor or minimal role in the charged offense.  White argues that his participation in the drug conspiracy at issue was so minor that he deserved a four-level "role" reduction under the Sentencing Guidelines.

Because White was sentenced to the statutory mandatory minimum term of imprisonment for his offense, his claim again fails to overcome the second prong of the Strickland test. Regardless of whether counsel's behavior was objectively unreasonable, White can not show that a different outcome would have resulted: as White received the lightest term of imprisonment possible under the law, the application of a downward role adjustment would not have changed his ultimate sentence.[11]  White's claim on this ground also is denied.

### 5.     Counsel's Failure to Challenge Attributed Drug Quantity

Finally, in his motion to compel discovery on the § 2255 petition, White for the first time claims that he only possessed 22.2 grams of cocaine, a lesser quantity than that attributed to him

---

nothing!" See Doc. # 159 at 4-5.  The Court finds this claim without merit.  Pursuant to White's written plea agreement, the Government recommended and the Court granted a three-level reduction in White's offense level for his acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.  This benefit reduced White's Guideline range from 168-210 months to 121-151 months imprisonment.  The Government also agreed to move to dismiss the conspiracy count of the superseding indictment, which dismissal the Court granted.  White's plea agreement can not be invalidated on the basis that it failed to benefit him.

[11] The role adjustment provisions of U.S.S.G. § 3B1.2 are to be distinguished from the "safety valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.  While a defendant who qualifies for the "safety valve" is not required to be sentenced to the statutory mandatory minimum, a defendant who receives a downward role adjustment still may not receive a Guidelines sentence that is less than the statutorily required minimum.  See U.S.S.G. § 5G1.1(c). As stated before, White does not contend that he was eligible for a safety valve departure.

at sentencing and one which would have subjected him to a lower mandatory minimum sentence.[12] He claims that counsel's failure to argue this issue at sentencing constituted ineffective assistance.

Even assuming that White's claim is timely, it is unavailing. White founds his argument on the Government's laboratory report in his case, which shows that the substance seized from him had a net weight of 55.7 grams, of which only 22.2 grams were pure cocaine base.[13] See Doc. #162, Exh. B. White then argues that he should have been sentenced only on the 22.2 grams of cocaine base, which would have lowered his mandatory minimum sentence to five years.[14]

---

[12] In this motion to compel discovery [Doc. #162], filed over one year after the defendant's original § 2255 petition, White for the first time states that it was this issue of attributed drug quantity that he had directed counsel to appeal. White also sought discovery on this issue in the form of a compelled affidavit from his attorney. In its response to petitioner's motion to compel discovery [Doc. #164], the Government wrote that it had contacted White's counsel, but White had never given his counsel permission to waive attorney-client privilege on this matter. The Government claims, and the Court agrees, that because the issues plainly can be resolved by reference to the court file, no affidavit is necessary. As discussed more fully in the body of this ruling, the Court also finds that White both had stipulated to the drug quantity to be attributed to him at sentencing and waived any right to appeal his sentence on that ground. Therefore, White's counsel did not provide ineffective assistance in failing to appeal this issue. See also Section III.B.1, supra.

[13] Again, the Court exercised its discretion not to hold an evidentiary hearing on this issue because both sides agreed that the Government laboratory report contained accurate measurements of the disputed drug quantity. Because those laboratory results unequivocally belie White's argument, no evidentiary hearing is required to further investigate counsel's actions. See 28 U.S.C. § 2255 (requiring examining court to hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001) (holding that "the district court may use methods under Section 2255 to expand the record without conducting a full-blown testimonial hearing").

[14] In the same document, however, White admits that "[t]he evidence establishes that White sold cocaine (two ounces) to an undercover agent." Two ounces is equivalent to 56.7 grams, a quantity consistent with White's stipulation in his written plea agreement and the

White misreads the applicable portions of the Sentencing Guidelines and the statute. Under the Sentencing Guidelines, White was ascribed a base offense level of 32 for his conviction, corresponding to distribution of "at least 50 [grams] but less than 150 [grams] of cocaine base." U.S.S.G. § 2D1.1(c)(4). As the notes to that section of the Guidelines elucidate, "Unless otherwise specified, the weight of a controlled substance . . . refers to the *entire weight of any mixture or substance* containing a detectable amount of the controlled substance" (emphasis added). Similarly, 21 U.S.C. § 841 prescribes a mandatory minimum sentence of ten years' imprisonment for any person who manufactures, distributes, dispenses, or possesses with intent to manufacture, distribute, or dispense "50 grams or more of *a mixture or substance . . . which contains cocaine base*" (emphasis added). The interpretation of this language and the effect upon sentencing of Mr. White's drug quantity stipulation was discussed at the plea allocution by the Court, the Government, and White's counsel. See Plea Tr. at 20-21, 33-34. White properly was sentenced based upon the net weight of the distributed substance, not the mixture's component weight of cocaine base.[15]

White can not show that he received ineffective assistance of counsel on this ground, and that portion of his petition is denied.

## IV.  Conclusion

For the above reasons, the petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate,

---

admissions made at his plea allocution.

[15] As White does not contest the data contained in the Government's lab report, that report provides sufficient evidence of the attributable drug quantity. The Court does not overlook that White also stipulated in his written plea agreement and confirmed to the Court at his plea allocution that between 50 and 150 grams of cocaine base could be attributed to him for purposes of sentencing. These admissions, of course, provide ample basis for the 120-month sentence White received.

Set Aside, or Correct Sentence [Doc. #134] is DENIED in its entirety. The Clerk is directed to close the case. No certificate of appealability will issue as there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

    SO ORDERED this ___20th___ day of June 2005, at Hartford, Connecticut.


                                           ___/s/ CFD_____
                                           **CHRISTOPHER F. DRONEY**
                                           **UNITED STATES DISTRICT JUDGE**