01cr212 RNC

United States
VS
Reginald White

Docket # 3:01CR212 (CFD)

August 23,2007
Reginald White #14376-014
Federal Prison Camp
PO Box 2000
Lewisburg, PA 17837

Motion For Reduction Of Sentence
Pursuant To Title 18 U.S.C. §3582 (c) (2)

On May 1,2007 the commission submitted to Congress amendments to the sentencing guidelines and official commentary, which become effective on November 1, 2007, unless Congress acts to the contrary.

AND NOW,this 23 day of AUGUST,2007 this Defendent Reginald Tyrone White,PRO SE, respectfully moves this court,pursuant to 18 U.S.C §3582(c)(2),to reduce the sentence imposed in this case under the newly revised language of USSG§2D1.1(a)(3) promulgated by the United States Sentencing Commission on April 27,2007 see (Crack Cocaine Equitable Sentencing Act of 2007-H.R. 460).

Section 3582(c)(2) of title 18,United States Code,provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing Commission pursuant to 28 U.S.C. §994(0),upon motion of the defendant or the Director of the Bureau of Prisons,or on its own motion,the court may reduce the term of imprisonment,after considering the factors set forth in section 3553(a) to the extent that they are applicable,if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Commission lists in §1B1.10(c) the specific guideline amendents that the court may apply retroactively under 18 U.S.C. §3582(c)(2).The background commentary to §1B1.10 lists the purpose of the amendment,the magnitude of the change in the guideline range made by the amendment,and the difficulty of applying the amendment retroactively to determine an amended guideline range under §1B1.10(b) as among the factors the Commission considers in selecting the amendments included in §1B1.10(c).

I was sentenced to 120 months under Criminal History Category #4 Level 29 for a range of 121 to 151,in respect to the United States Sentencing Commissions Amendment 9,Crack Cocaine Guideline,which states under USSG §2D1.1 Appendix a two level reduction would put me at a level 27 100 to 125 months.Under the new Amendment I would receive 100 months.

It is my prayer that this court will not only give the defendent relief Reginald Tyrone White,but the court will also see that I have educated myself.See attached documents of law,and educational diplomas.

CC:United States District Attorney:
Michael Gustafson

Dated:this 23 day of August,2007

Respectfully Submitted,

REGINALD TYRONE WHITE

**§ 1B1.9. Class B or C Misdemeanors and Infractions**

The sentencing guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction.

Commentary

*Application Notes:*

1. Notwithstanding any other provision of the guidelines, the court may impose any sentence authorized by statute for each count that is a Class B or C misdemeanor or an infraction. A Class B misdemeanor is any offense for which the maximum authorized term of imprisonment is more than thirty days but not more than six months; a Class C misdemeanor is any offense for which the maximum authorized term of imprisonment is more than five days but not more than thirty days; an infraction is any offense for which the maximum authorized term of imprisonment is not more than five days.
2. The guidelines for sentencing on multiple counts do not apply to counts that are Class B or C misdemeanors or infractions. Sentences for such offenses may be consecutive to or concurrent with sentences imposed on other counts. In imposing sentence, the court should, however, consider the relationship between the Class B or C misdemeanor or infraction and any other offenses of which the defendant is convicted.

*Background:* For the sake of judicial economy, the Commission has exempted all Class B and C misdemeanors and infractions from the coverage of the guidelines.

**Historical Note:** Effective June 15, 1988 (see Appendix C, amendment 6). Amended effective November 1, 1989 (see Appendix C, amendment 81)

**COMMENTARY**

See commentary by the National Institute for Trial Advocacy preceding USSG § 1A1.1 (18 USCS Appx 1A1.1).

**INTERPRETIVE NOTES AND DECISIONS**

Six months home detention that defendant served for Class B misdemeanor committed on military reservation in violation of Kansas law as charged under ACA did not constitute imprisonment so as to preclude additional incarceration for offense, which had six-month statutory maximum, since Kansas law does not treat home detention as incarceration, and 18 USCS § 3551 and § 1B1.9, which provides that guidelines do not apply to any count of conviction that is Class B or C misdemeanor, compel conclusion that guidelines do not apply. United States v Thomas (1995, CA10 Kan) 68 F3d 392.

**§ 1B1.10. Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)**

(a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

(b) In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, and 657.

Commentary

*Application Notes:*

1. Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.
2. In determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.
3. Under subsection (b), the amended guideline range and the term of imprisonment already served by the defendant limit the extent to which an eligible defendant's sentence may be reduced under





18 U.S.C. § 3582(c)(2). When the ori
comparable reduction below the amended
shall the term of imprisonment be reduc
sentencing court has the discretion to det
imprisonment under this section.

4. Only a term of imprisonment imposed
under this section. This section does not
upon revocation of supervised release.

5. If the limitation in subsection (b) rel
term of imprisonment to the extent the
as a result of the amended guideline ran
unable to grant in connection with any r
under 18 U.S.C. § 3583(e)(1). However
of imprisonment than the court determ
guideline range shall not, without more
Rather, the court should take into acc
terminate supervised release, including
propriate in connection with a sentenc

*Background:* Section 3582(c)(2) of T
defendant who has been sentenced to a
subsequently been lowered by the Sen
motion of the defendant or the Direct
may reduce the term of imprisonment
the extent that they are applicable, if
ments issued by the Sentencing Comi

This policy statement provides guida
§ 3582(c)(2) and implements 28 U.S.
term of imprisonment recommended
of offenses, it shall specify in what c
serving terms of imprisonment for t

Among the factors considered by the
tion (c) were the purpose of the am
made by the amendment, and the di
an amended guideline range under

The listing of an amendment in sul
that a reduced guideline range is s
sound discretion of the court, a re
previously sentenced, qualified de
does not otherwise affect the lawf
reduction in any other component
term of imprisonment as a matter

The Commission has not included
maximum of the guideline range
legislative history of 28 U.S.C. §
the Committee does not expect th
under the provision when guidelin
of existing sentences falling abo
adjustment in the guidelines. The
adjustments in these cases." S. R
*So in original. Probably should

**Historical Note:** Effective Nove
fective November 1, 1990 (see
C, amendment 423); November
(see Appendix C, amendment
November 1, 1995 (see Appen
amendment 548); November 1,
Appendix C, amendment 662)

See commentary by the Nation
Appx 1A1.1).

l, cert den (1991) 502
12 S Ct 660.

o impose life sentence
18 USCS § 1111, and
departure, since sen-
ed by 18 USCS
ith § 3559(a) does not
life sentence under
ls (1992, CA10 Okla)
) 506 US 1056, 122 L

entence for attempted
biguous by 18 USCS
, under which Class C
e year maximum, since
hat maximum term of
ized by law describing
y did not apply and did
ndant's sentence. United
) Utah) 10 F3d 734, cert
28 L Ed 2d 347, 114 S
512 US 1240, 129 L Ed
habeas corpus proceed-
0 Utah) 145 F3d 1347,
) Utah) 1998 Colo J C A

robbery is 20 years and
endant, since maximum
or Class C felony pursu-
and 18 USCS § 3581(b)
USCS § 3559(b), which
rm of imprisonment for
3559(a) is maximum au-
, and maximum for bank
d States v Avery (1993,
den (1994) 511 US 1148,
t 2179.

**onment.** The court,
, and, if a term of
of the term, shall
nt that they are ap-
e means of promot-
make a recommen-
r the defendant, the
l by the Sentencing



**(b) Effect of finality of judgment.** Notwithstanding the fact that a sentence to imprisonment can subsequently be—

(1) modified pursuant to the provisions of subsection (c);

(2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or

(3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;

a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

**(c) Modification of an imposed term of imprisonment.** The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**(d) Inclusion of an order to limit criminal association of organized crime and drug offenders.** The court, in imposing a sentence to a term of imprisonment upon a defendant convicted of a felony set forth in chapter 95 [18 USCS §§ 1951 et seq.] (racketeering) or 96 [18 USCS §§ 1961 et seq.] (racketeer influenced and corrupt organizations) of this title or in the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 801 et seq.), or at any time thereafter upon motion by the Director of the Bureau of Prisons or a United States attorney, may include as a part of the sentence an order that requires that the defendant not associate or communicate with a specified person, other than his attorney, upon a showing of probable cause to believe



*Appendix E*

# SENTENCING IMPACT AND PRISON IMPACT ANALYSIS FOR CRACK COCAINE AMENDMENT

## A. Crack Cocaine Guideline Amendment

On April 27, 2007, the Commission promulgated an amendment to USSG §2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy) to adjust the quantity thresholds for crack cocaine ("cocaine base") so that the base offense level for cocaine base, as determined by the Drug Quantity Table, will be reduced by two levels. The amendment results in the base offense level corresponding to a guideline range that includes the five-year and ten-year mandatory minimum terms of imprisonment for five and 50 grams of crack cocaine, respectively. Prior to the amendment, at least five grams but less than 20 grams of cocaine base were assigned a base offense level of 26 (63 to 78 months at Criminal History Category I), and at least 50 grams but less than 150 grams of cocaine base were assigned a base offense level of 32 (121 to 151 months at Criminal History Category I). Pursuant to the amendment, those same quantities of cocaine base will be assigned a base offense level of 24 (51 to 63 months at Criminal History Category I) and 30 (97 to 121 months at Criminal History Category I), respectively.

The amendment also addresses how to determine the base offense level in a case involving cocaine base and other controlled substances. Prior to the amendment, there was a mathematical relationship among all drug types that was used to structure both the Drug Quantity Table and the Drug Equivalency Tables. As a result, the marihuana equivalencies set forth in Drug Equivalency Tables could be used to determine the base offense level in any case involving differing controlled substances. By restructuring the Drug Quantity Table for cocaine base offenses only, the amendment will alter the mathematical relationship between cocaine base and other drug types to varying degrees throughout the Drug Quantity Table. The amendment, therefore, provides an alternative method for determining the combined offense level in an offense involving cocaine base and other drugs.

The amendment, which absent congressional action to the contrary becomes effective November 1, 2007, is set forth below, followed by a sentencing and prison impact analysis.

LEWNJ * INMATE EDUCATION DATA * 05-03-2007
PAGE 001 OF 001 * TRANSCRIPT * 07:04:09

REGISTER NO: 14376-014 NAME..: WHITE FUNC: PRT
FORMAT.....: TRANSCRIPT RSP OF: LEW-LEWISBURG USP

--------------------------- EDUCATION INFORMATION ---------------------------

| FACL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|---|---|---|---|---|
| LEW | ESL HAS | ENGLISH PROFICIENT | 09-24-2002 1144 | CURRENT |
| LEW | GED HAS | COMPLETED GED OR HS DIPLOMA | 05-24-2004 1330 | CURRENT |

---------------------------- EDUCATION COURSES ----------------------------

| SUB-FACL | DESCRIPTION | START DATE | STOP DATE | EVNT | AC | LV | HRS |
|---|---|---|---|---|---|---|---|
| LEW SCP | SAFE FOOD CLASS | 01-09-2007 | 03-26-2007 | P | C | P | 18 |
| LEW SCP | PROJECT HOPE PROGRAM | 01-24-2006 | 05-26-2006 | P | C | P | 24 |
| LEW SCP | FINANCIAL MANAGEMENT ACE-LEC | 01-06-2006 | 04-17-2006 | P | C | P | 20 |
| LEW SCP | ADVANCED PARENTING | 07-14-2005 | 10-20-2005 | P | C | P | 24 |
| LEW SCP | RPP-AIDS AWARENESS | 05-18-2005 | 05-18-2005 | P | C | P | 1 |
| ALF | OFFICE AUTOMATION FAST TRACK | 08-03-2004 | 11-26-2004 | P | W | V | 55 |
| ALF | BLUEPRINT/MEASUREMENT READING | 07-26-2004 | 09-14-2004 | P | C | P | 40 |
| ALF | RPP DRUG ABUSE PROGRAM | 04-27-2004 | 09-13-2004 | P | C | P | 30 |
| ALF | GED 12:30-2:30 PM (LEAMER) | 03-06-2003 | 05-24-2004 | P | C | P | 492 |
| ALF | RPP HOPE/FAITH BASED | 08-18-2003 | 10-09-2003 | P | C | P | 16 |
| ALF | RPP PROMISE | 04-29-2003 | 09-26-2003 | P | C | P | 48 |
| ALF | RPP GOING FOR GOLD/FAITH BASED | 07-16-2003 | 07-16-2003 | P | C | P | 26 |
| ALF | RPP RECONATION | 04-29-2003 | 05-15-2003 | P | C | P | 8 |
| ALF | RPP MENTORING GROUP | 01-16-2003 | 04-01-2003 | P | C | P | 0 |
| ALF | PARENTING (MTW, 12:30-3:30) | 04-08-2003 | 05-08-2003 | P | C | P | 42 |
| ALF | ALGEBRA III | 01-10-2003 | 03-14-2003 | P | C | P | 20 |
| FAI | PARENTING ORIENTATION PROGRAM | 10-17-2002 | 11-06-2002 | P | C | P | 1 |
| FAI | GED/CRAIN/9:00-10:45 | 10-15-2002 | 11-04-2002 | P | W | I | 30 |

---------------------------- HIGH TEST SCORES ----------------------------

| TEST | SUBTEST | SCORE | TEST DATE | TEST FACL | FORM | STATE |
|---|---|---|---|---|---|---|
| ABLE | LANGUAGE | 13.0 | 10-17-2003 | ALF | E | |
| | NUMBER OPR | 12.7 | 07-09-2003 | ALF | E | |
| | PROB SOLV | 9.9 | 10-01-2002 | FAI | E | |
| | READ COMP | 13.0 | 10-01-2002 | FAI | E | |
| | SPELLING | 13.0 | 10-01-2002 | FAI | E | |
| | VOCABULARY | 9.3 | 10-01-2002 | FAI | E | |
| GED | AVERAGE | 508.0 | 04-27-2004 | ALF | PASS | PA |
| | LIT/ARTS | 620.0 | 04-27-2004 | ALF | IH | PA |
| | MATH | 420.0 | 04-27-2004 | ALF | IH | PA |
| | SCIENCE | 510.0 | 04-27-2004 | ALF | IH | PA |
| | SOC STUDY | 510.0 | 04-27-2004 | ALF | IH | PA |
| | WRITING | 480.0 | 04-27-2004 | ALF | IH | PA |

G0000 TRANSACTION SUCCESSFULLY COMPLETED

# GED[SM] Official Transcript of GED Tests Results

Issued by
**OFFICIAL GED TESTING CENTERS**
of the
General Educational Development Testing Service of the American Council on Education
*(For additional transcripts, contact the center below.)*

**Candidate's Name**
Last: WHITE SR First: REGINALD Middle Initial: T
Address: PO BOX 1500
WHITE DEER, PA 17887
Phone Number:
Date of Birth: 06/18/1966 Social Security Number(if required): 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
Issue Date: 05/14/2004 Reported to: Pennsylvania
Test Format: EP

[signature] 05/14/2004
Examiner's Signature Date
Center Name: Allenwood LSCI
Center Identification No.: 9000411111
Phone Number:
Center Address: P.O. Box 1500
P.O. Box 1500, Route 15
White Deer, PA 17887

| | TEST DATE | TEST FORM | **STANDARD SCORE | PERCENTILE RANK |
|---|---|---|---|---|
| Language Arts, Reading | 04/27/2004 | IH | 620 | 88 |
| Language Arts, Writing | 04/27/2004 | IH | 480 | 42 |
| Mathematics | 05/05/2004 | IH | 420 | 21 |
| Science | 04/27/2004 | IH | 510 | 54 |
| Social Studies | 04/27/2004 | IH | 510 | 54 |

| | | *PASS | *NON-PASS |
|---|---|---|---|
| Standard Score Total | 2540 | | |
| Battery Average | 508 | X | |

**INDIVIDUAL TEST STANDARD SCORE**

200 Below 410 PASSING SCORE Above 800

200 Below 450 BATTERY PASSING SCORE Above 800

** Standard Score. The scores on this report are the *highest* scores achieved by the candidate and not necessarily the most recent. If retest scores are lower than scores previously achieved, the retest scores are not reported.

*Pass or Non-Pass as determined by jurisdictional policy.

## TOTAL BATTERY

You have demonstrated the 21st century skills of:
- Communication
- Information processing
- Problem solving
- Higher order thinking skills

in the five tests areas (Reading, Writing, Mathematics, Science, and Social Studies) to perform effectively in the workplace or in higher education.

## Language Arts, Reading

Your score exceeds the GED passing score requirement and the scores of 80% of graduating seniors. You demonstrated superior reading skills in the following areas: comprehending, analyzing, evaluating, and synthesizing workplace and literary texts.

## Language Arts, Writing

Your score meets or exceeds the GED passing score requirement. You demonstrated essential skills in the following areas: using the elements of standard English to edit workplace and informational documents and to generate well-organized and developed written text.

## Mathematics

Your score meets or exceeds the GED passing score requirement. You demonstrated essential skills in the following areas: understanding and interpreting mathematical concepts in algebra, data analysis, statistics, geometry, and number operations applied to visual and written text from academic and workplace contexts.

## Science

Your score meets or exceeds the GED passing score requirement. You demonstrated essential skills in the following areas: understanding, interpreting, and applying concepts of life, earth and space sciences, physics, and chemistry to visual and written text from academic and workplace contexts.

## Social Studies

Your score meets or exceeds the GED passing score requirement. You demonstrated essential skills in the following areas: understanding, interpreting, and applying key history, geography, economics, and civics concepts and principles to visual and written text from academic and workplace contexts.

RECEIVED MAY 24 2004 P.M.

# PENN FOSTER CAREER SCHOOL

*Upon the recommendation of the Faculty*
*and Administration*

**REGINALD WHITE**

*is hereby awarded a*

# Career Diploma

*for the completion of the program*

**CATERING AND GOURMET COOKING**

*In testimony whereof, the undersigned have subscribed their names and affixed the seal of the institution this*
*29th Day of January 2007*

Dan Conrad
Daniel Conrad
President

Connie C. Dempsey
Connie C. Dempsey
Chief Academic Officer