```
                                          Reginald White
                                          Reg. No.: 14376-014
                                          FPC-Lewisburg, Unit #1
         2007 DEC 10 A 10: 56              P.O. Box 2000
                                          Lewisburg, PA.  17837
```

The Honorable Christopher F. Droney
United States District Court Judge
United States District Court
450 Main Street                                    12-04-07
Hartford, CT.  06103


            Re: United States v. Reginald White,
                Docket #: 3:01-CR-212 (CFD)

Honorable Judge Droney:

  On Dec. 6th, 2006 and August 23rd, 2007, I filed with this Honorable Court motions in regards to the above-mentioned case. As of this day, Dec 4th, 2007, I have not received a response to the listed motions, (attached are copies for your convenience), a motion for reduction of sentence pursuant to title 18 U.S.C. §3582 (c)(2), and a motion for direct commitment to a C.C.C. sponsored Halfway House, pursuant to Woodall v. F.B.O.P., 432 F.3d, 234 (3rd. Cir., 2005). Also enclosed please see the attached documents, Levine v. Apker, 455 F.3d., 71 (2nd Cir. 2006)

  I respectfully request that some form of notice be provided to me as to the status of these motions and whether anything further needs to be done on my part.

  I thank you so much for your time and consideration.

                    Respectfully submitted: /s/ Reginald White
                                            Reginald White
                                            Petitioner Pro-Se

United States
    VS
Reginald White

Docket # 3:01CR212 (CFD)

August 23,2007
Reginald White #14376-014
Federal Prison Camp
PO Box 2000
Lewisburg, PA 17837

Motion For Reduction Of Sentence
Pursuant To Title 18 U.S.C. §3582 (c) (2)

On May 1, 2007 the commission submitted to Congress amendments to the sentencing guidelines and official commentary, which become effective on November 1, 2007, unless Congress acts to the contrary.

AND NOW, this 23 day of AUGUST, 2007 this Defendent Reginald Tyrone White, PRO SE, respectfully moves this court, pursuant to 18 U.S.C §3582(c)(2), to reduce the sentence imposed in this case under the newly revised language of USSG§2D1.1(a)(3) promulgated by the United States Sentencing Commission on April 27, 2007 see (Crack Cocaine Equitable Sentencing Act of 2007-H.R. 460).

Section 3582(c)(2) of title 18, United States Code, provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing Commission pursuant to 28 U.S.C. §994(O), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Commission lists in §1B1.10(c) the specific guideline amendents that the court may apply retroactively under 18 U.S.C. §3582(c)(2). The background commentary to §1B1.10 lists the purpose of the amendment, the magnitude of the change in the guideline range made by the amendment, and the difficulty of applying the amendment retroactively to determine an amended guideline range under §1B1.10(b) as among the factors the Commission considers in selecting the amendments included in §1B1.10(c).

I was sentenced to 120 months under Criminal History Category #4 Level 29 for a range of 121 to 151, in respect to the United States Sentencing Commissions Amendment 9, Crack Cocaine Guideline, which states under USSG §2D1.1 Appendix a two level reduction would put me at a level 27 100 to 125 months. Under the new Amendment I would receive 100 months.

It is my prayer that this court will not only give the defendant relief Reginald Tyrone White, but the court will also see that I have educated myself. See attached documents of law, and educational diplomas.

CC: United States District Attorney:
Michael Gustafson

Dated: this 23 day of August, 2007

Respectfully Submitted,

*Reginald White*
REGINALD TYRONE WHITE

December 7, 2006

Hon. Christopher F. Droney
United States District Court
450 Main Street
Hartford, CT. 06103

RE: <u>United States v. Reginald White</u>
       Case # 3:01CR212 (CFD)

Hon. Judge Droney:

I write this letter in the hope of obtaining and securing your Honor's help in the following matter.

In a sincere effort to properly serve out my sentence in full compliance with F.B.O.P. standards and regulations, and in an attempt to increase my chances, and eligibility, in order to qualify for an early release under the 'Halfway House' program, I have been advised by officials here at F.P.C. Lewisburg, PA., to formally submit a request to my sentencing judge, for your Honor's judicial recommendation to consider, accept, and approve, for service of sentence, up to one (1) year, direct commitment to a C.C.C. sponsored 'Halfway House', pursuant to **Woodall v. F.B.O.P.**, 432, F.3d, 234 (3rd Cir., 2005).

Although your Honor's recommendation must precede my application, I believe I can show, under whatever scrutiny, requirements, prerequisites or conditions imposed upon me, that I am a good and dependable candidate for this program, so that I might once again, and for all, take my appropriate place in society, alongside my family.

Thanking you, as always, for your most valuable time, and consideration to this very important, and urgent matter, I remain,

                                    Respectfully yours,

                                    *Reginald White*
                                    Reginald White
                                    #14376-014
                                    F.P.C. Lewisburg
                                    P.O. Box 2000
                                    Lewisburg, PA. 17837

# BOP May Not Foreclose Transfer to Community Corrections Center Based on Length of Remaining Sentence

*by John E. Dannenberg*

The Second Circuit U.S. Court of Appeals has held that federal Bureau of Prisons (BOP) prisoners seeking transfers to community correctional centers (CCC) before reaching a point when they have the greater of six months or ten percent of their terms remaining to serve, cannot be denied such transfers solely because they have not yet reached that temporal milestone.

Elliot Levine, serving 15 months for bank fraud, sought habeas corpus relief from the Sentencing Act, 18 U.S.C. §§ 3621(b) and 3624(c), because the BOP had interpreted the Act so as to constrain the timing of his transfer to a CCC. Levine filed two writ petitions, one challenging the former BOP regulation ("2002 policy") and the other taking on the BOP's later 2005 variant. Whereas the 2002 policy appeared ambiguous as to when a prisoner might be eligible for preferential placement in a CCC, the revised 2005 policy removed all discretion from the remaining-time provision.

Levine's complaint was that while the statute (§ 3621(b)) provided five factors guiding such discretionary placement, the BOP's conflicting remaining-time provision (28 C.F.R. § 570.21(a)) unlawfully barred all discretionary consideration.

First, the court ruled that the controversy was not in excess of the court's jurisdiction because although Levine had by then been released, relief could yet be obtained through reduction of his three-year supervised release period. The court further ruled that as an attack on the place, manner and conditions of confinement (as distinguished from an attack on the lawfulness of his sentence), Levine's petition was properly brought under 28 U.S.C. § 2241 rather than § 2255.

The court next held that his petition challenging the 2002 rule was moot because Levine had in fact been excluded only by the 2005 rule. His attack on the latter rule was that it ignored the statutory factors calling for discretionary individualized analysis by curtailing transfers to a CCC based solely on an arbitrary time limit. The district court held that the rule was a proper exercise of the BOP's rule-making authority and did not implicate *ex post facto* concerns.

On appeal, the Second Circuit concluded that the controlling statute provided the BOP "may" place a prisoner where it wishes, so long as it considers the factors of § 3621. When the BOP issued § 570.20(a) to circumscribe § 3621's discretionary terms with a temporal bar, it placed an illegal absolute limitation on Levine's right to be considered for earlier CCC placement. Because § 570.20(a) was thus inconsistent with § 3621, it was ruled an unlawful exercise of the BOP's rule-making authority.

The appellate court thus affirmed the district court's dismissal of Levine's petition challenging the 2002 rule, and vacated and remanded the lower court's dismissal of his second petition related to the BOP's 2005 policy. The Second Circuit declined to address Levine's *ex post facto* argument. See: *Levine v. Apker*, 455 F.3d 71 (2nd Cir. 2006).

# "Liberal" Pleading Construction Reveals Negligent Guard Theory Claim

The Second Circuit Court of Appeals has reversed a New York federal district court's dismissal of claims under the Federal Tort Claims Act (FTCA), finding that the court failed to "liberally" construe the plaintiff prisoner's submissions to be "interpreted so as to raise the strongest arguments that they suggest."

While held at the Federal Correctional Institution at Ray Brook, New York, prisoner Ben Gary Triestman was assigned to share a cell with Gerald Harris. Triestman was a first-time, nonviolent prisoner. He alleged that Harris "was known to the Bureau of Prisons (BOP) to be a violent criminal and a sexual predator." On January 26, 1995, at approximately 4:00 a.m., "after a night of escalating cajoling, advances, and threats to convince [Triestman] to participate in homosexual intercourse and sodomy," Harris assaulted Triestman. During the assault Harris dislocated Triestman's shoulder and burned his hand with lit cigarettes.

The BOP has a program statement that provides "signaling devices will be available for inmate use in all locked housing units that do not have continuous staff coverage." Further, "inmates will not be left unattended in locked areas unless a signaling device is available to them for emergencies." Triestman alleged that BOP "neglected its duty of care" by failing to "adhere to its own regulations." Specifically, he asserted that staff at Ray Brook "did not provide either emergency signaling devices or continuous staffing in areas where inmates were left unattended in locked areas."

The district court granted dismissal of the case on the ground that it lacked jurisdiction, for Triestman's complaint was barred by the FTCA's "discretionary function" exception to the federal government's limited waiver of sovereign immunity. Triestman appealed.

The Second Circuit held that "special solicitude" should be accorded to *pro se* plaintiffs. As such, Triestman's claims not only asserted a negligent staffing policy, but also a "negligent guard" claim "that the officer on duty when the incident occurred failed to patrol or respond diligently to an emergency situation out of laziness or inattentiveness."

The Court held Triestman's submissions were "broad enough to cover" the negligent guard theory, and the district court had failed to consider such a theory when considering Triestman's complaint. While the Second Circuit did not express a view on the merits of the claim, it held the case could not be dismissed at this point.

Moreover, the appellate court found the claim was so complex that upon remand the district court should consider appointing counsel to represent Triestman. The lower court's order was reversed and remanded; the case is still pending. See: *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471 (2nd Cir. 2006).

October 2007

36

United States
   VS
Reginald White

Docket # 3:01CR212 (CFD)

August 23,2007
Reginald White #14376-014
Federal Prison Camp
PO Box 2000
Lewisburg, PA 17837

Motion For Reduction Of Sentence
Pursuant To Title 18 U.S.C. §3582 (c) (2)

On May 1,2007 the commission submitted to Congress amendments to the sentencing guidelines and official commentary, which become effective on November 1, 2007, unless Congress acts to the contrary.

AND NOW, this 23 day of AUGUST,2007 this Defendent Reginald Tyrone White, PRO SE, respectfully moves this court, pursuant to 18 U.S.C §3582(c)(2), to reduce the sentence imposed in this case under the newly revised language of USSG§2D1.1(a)(3) promulgated by the United States Sentencing Commission on April 27,2007 see (Crack Cocaine Equitable Sentencing Act of 2007-H.R. 460).

Section 3582(c)(2) of title 18,United States Code,provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing Commission pursuant to 28 U.S.C. §994(0),upon motion of the defendant or the Director of the Bureau of Prisons,or on its own motion,the court may reduce the term of imprisonment,after considering the factors set forth in section 3553(a) to the extent that they are applicable,if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Commission lists in §1B1.10(c) the specific guideline amendents that the court may apply retroactively under 18 U.S.C. §3582(c)(2).The background commentary to §1B1.10 lists the purpose of the amendment,the magnitude of the change in the guideline range made by the amendment,and the difficulty of applying the amendment retroactively to determine an amended guideline range under §1B1.10(b) as among the factors the Commission considers in selecting the amendments included in §1B1.10(c).

I was sentenced to 120 months under Criminal History Category #4 Level 29 for a range of 121 to 151,in respect to the United States Sentencing Commissions Amendment 9,Crack Cocaine Guideline,which states under USSG §2D1.1 Appendix a two level reduction would put me at a level 27 100 to 125 months.Under the new Amendment I would receive 100 months.

It is my prayer that this court will not only give the defendant relief Reginald Tyrone White,but the court will also see that I have educated myself.See attached documents of law,and educational diplomas.

CC;United States District Attorney:
Michael Gustafson

Dated:this 23 day of August,2007

Respectfully Submitted,
REGINALD TYRONE WHITE

December 7, 2006

Hon. Christopher F. Droney
United States District Court
450 Main Street
Hartford, CT. 06103

      RE: <u>United States v. Reginald White</u>
        <u>Case # 3:01CR212 (CFD)</u>

Hon. Judge Droney:

  I write this letter in the hope of obtaining and securing your Honor's help in the following matter.

  In a sincere effort to properly serve out my sentence in full compliance with F.B.O.P. standards and regulations, and in an attempt to increase my chances, and eligibility, in order to qualify for an early release under the 'Halfway House' program, I have been advised by officials here at F.P.C. Lewisburg, PA., to formally submit a request to my sentencing judge, for your Honor's judicial recommendation to consider, accept, and approve, for service of sentence, up to one (1) year, direct commitment to a C.C.C. sponsored 'Halfway House', pursuant to **Woodall v. F.B.O.P.**, 432, F.3d, 234 (3rd Cir., 2005).

  Although your Honor's recommendation must precede my application, I believe I can show, under whatever scrutiny, requirements, prerequisites or conditions imposed upon me, that I am a good and dependable candidate for this program, so that I might once again, and for all, take my appropriate place in society, alongside my family.

  Thanking you, as always, for your most valuable time, and consideration to this very important, and urgent matter, I remain,

            Respectfully yours,

            *Reginald White*

            Reginald White
            #14376-014
            F.P.C. Lewisburg
            P.O. Box 2000
            Lewisburg, PA. 17837

# BOP May Not Foreclose Transfer to Community Corrections Center Based on Length of Remaining Sentence

*by John E. Dannenberg*

The Second Circuit U.S. Court of Appeals has held that federal Bureau of Prisons (BOP) prisoners seeking transfers to community correctional centers (CCC) before reaching a point when they have the greater of six months or ten percent of their terms remaining to serve, cannot be denied such transfers solely because they have not yet reached that temporal milestone.

Elliot Levine, serving 15 months for bank fraud, sought habeas corpus relief from the Sentencing Act, 18 U.S.C. §§ 3621(b) and 3624(c), because the BOP had interpreted the Act so as to constrain the timing of his transfer to a CCC. Levine filed two writ petitions, one challenging the former BOP regulation ("2002 policy") and the other taking on the BOP's later 2005 variant. Whereas the 2002 policy appeared ambiguous as to when a prisoner might be eligible for preferential placement in a CCC, the revised 2005 policy removed all discretion from the remaining-time provision.

Levine's complaint was that while the statute (§ 3621(b)) provided five factors guiding such discretionary placement, the BOP's conflicting remaining-time provision (28 C.F.R. § 570.21(a)) unlawfully barred all discretionary consideration.

First, the court ruled that the controversy was not in excess of the court's jurisdiction because although Levine had by then been released, relief could yet be obtained through reduction of his three-year supervised release period. The court further ruled that as an attack on the place, manner and conditions of confinement (as distinguished from an attack on the lawfulness of his sentence), Levine's petition was properly brought under 28 U.S.C. § 2241 rather than § 2255.

The court next held that his petition challenging the 2002 rule was moot because Levine had in fact been excluded only by the 2005 rule. His attack on the latter rule was that it ignored the statutory factors calling for discretionary individualized analysis by curtailing transfers to a CCC based solely on an arbitrary time limit. The district court held that the rule was a proper exercise of the BOP's rulemaking authority and did not implicate *ex post facto* concerns.

On appeal, the Second Circuit concluded that the controlling statute provided the BOP "may" place a prisoner where it wishes, so long as it considers the factors of § 3621. When the BOP issued § 570.20(a) to circumscribe § 3621's discretionary terms with a temporal bar, it placed an illegal absolute limitation on Levine's right to be considered for earlier CCC placement. Because § 570.20(a) was thus inconsistent with § 3621, it was ruled an unlawful exercise of the BOP's rulemaking authority.

The appellate court thus affirmed the district court's dismissal of Levine's petition challenging the 2002 rule, and vacated and remanded the lower court's dismissal of his second petition related to the BOP's 2005 policy. The Second Circuit declined to address Levine's *ex post facto* argument. See: *Levine v. Apker*, 455 F.3d 71 (2nd Cir. 2006).

# "Liberal" Pleading Construction Reveals Negligent Guard Theory Claim

The Second Circuit Court of Appeals has reversed a New York federal district court's dismissal of claims under the Federal Tort Claims Act (FTCA), finding that the court failed to "liberally" construe the plaintiff prisoner's submissions to be "interpreted so as to raise the strongest arguments that they suggest."

While held at the Federal Correctional Institution at Ray Brook, New York, prisoner Ben Gary Triestman was assigned to share a cell with Gerald Harris. Triestman was a first-time, nonviolent prisoner. He alleged that Harris "was known to the Bureau of Prisons (BOP) to be a violent criminal and a sexual predator." On January 26, 1995, at approximately 4:00 a.m., "after a night of escalating cajoling, advances, and threats to convince [Triestman] to participate in homosexual intercourse and sodomy," Harris assaulted Triestman. During the assault Harris dislocated Triestman's shoulder and burned his hand with lit cigarettes.

The BOP has a program statement that provides "signaling devices will be available for inmate use in all locked housing units that do not have continuous staff coverage." Further, "inmates will not be left unattended in locked areas unless a signaling device is available to them for emergencies." Triestman alleged that BOP "neglected its duty of care" by failing to "adhere to its own regulations." Specifically, he asserted that staff at Ray Brook "did not provide either emergency signaling devices or continuous staffing in areas where inmates were left unattended in locked areas."

The district court granted dismissal of the case on the ground that it lacked jurisdiction, for Triestman's complaint was barred by the FTCA's "discretionary function" exception to the federal government's limited waiver of sovereign immunity. Triestman appealed.

The Second Circuit held that "special solicitude" should be accorded to *pro se* plaintiffs. As such, Triestman's claims not only asserted a negligent staffing policy, but also a "negligent guard" claim "that the officer on duty when the incident occurred failed to patrol or respond diligently to an emergency situation out of laziness or inattentiveness."

The Court held Triestman's submissions were "broad enough to cover" the negligent guard theory, and the district court had failed to consider such a theory when considering Triestman's complaint. While the Second Circuit did not express a view on the merits of the claim, it held the case could not be dismissed at this point.

Moreover, the appellate court found the claim was so complex that upon remand the district court should consider appointing counsel to represent Triestman. The lower court's order was reversed and remanded; the case is still pending. See: *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471 (2nd Cir. 2006).