December 14, 2007

### Addendum to Motion for
### Reduction of Sentence
### Pursuant to Title 18 U.S.C. §3582 (c)(2)

Case No.:  3:01-CR-212 (CFD)                                  Document 77

Being that the amendment to the crack cocaine Sentencing Guidelines, USSG §2D.1. is now **retroactive**, Petitioner moves this Honorable Court to **GRANT** his instant Motion for Sentence Reduction.

Respectfully submitted: *Reginald White*

12-14-07
Date

United States  
    VS  
Reginald White

Docket # 3:01CR212 (CFD)

August 23, 2007  
Reginald White #14376-014  
Federal Prison Camp  
PO Box 2000  
Lewisburg, PA 17837

<u>Motion For Reduction Of Sentence  
Pursuant To Title 18 U.S.C. §3582 (c) (2)</u>

On May 1, 2007, the commission submitted to Congress amendments to the sentencing guidelines and official commentary, which become effective on November 1, 2007, unless Congress acts to the contrary.

AND NOW, this 23 day of AUGUST, 2007 this Defendant Reginald Tyrone White, PRO SE, respectfully moves this court, pursuant to 18 U.S.C §3582(c)(2), to reduce the sentence imposed in this case under the newly revised language of USSG§2D1.1(a)(3) promulgated by the United States Sentencing Commission on April 27, 2007 see (Crack Cocaine Equitable Sentencing Act of 2007-H.R. 460).

Section 3582(c)(2) of title 18, United States Code, provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing Commission pursuant to 28 U.S.C. §994(O), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Commission lists in §1B1.10(c) the specific guideline amendents that the court may apply retroactively under 18 U.S.C. §3582(c)(2). The background commentary to §1B1.10 lists the purpose of the amendment, the magnitude of the change in the guideline range made by the amendment, and the difficulty of applying the amendment retroactively to determine an amended guideline range under §1B1.10(b) as among the factors the Commission considers in selecting the amendments included in §1B1.10(c).

I was sentenced to 120 months under Criminal History Category #4 Level 29 for a range of 121 to 151, in respect to the United States Sentencing Commissions Amendment 9, Crack Cocaine Guideline, which states under USSG §2D1.1 Appendix a two level reduction would put me at a level 27 100 to 125 months. Under the new Amendment I would receive 100 months.

It is my prayer that this court will not only give the defendant relief Reginald Tyrone White, but the court will also see that I have educated myself. See attached documents of law, and educational diplomas.

CC; United States District Attorney:  
Michael Gustafson

Dated: this 23 day of August, 2007

Respectfully Submitted,

*[signature]*  
REGINALD TYRONE WHITE

## STANDARD OF REVIEW

PRO SE PLEADINGS:

The Federal Courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate, such as is the case here, and determine whether the motion or pleading is, in effect, cognizable under a different remedial statutory framework. See In: Andrews v. United States, 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed. 2d 383 (1963). It has been held that pro se pleadings should also be given a fair and meaningful consideration, and must be liberally construed however inartfully pleaded. In: Telley v. Lane, 13 F.3d 1031 (7th Cir. 1994).

Likewise, a court should nevertheless, accept a pro se pleading despite any failure by the litigant to cite legal authority, confusion, or litigant's unfamiliarity with the pleading requirements. See In: Williams v. Griswald, 743 F.2d 1533 (11th Cir. 1984); also see Ferran v. Town of Nassau, 11 F.3d 21 (2nd Cir. 1993). Indeed, pleadings filed by a pro se prisoner, as is the case here, should not be held to the same standards set forth for attorneys. See In: Boag v. McDougall, 454 U.S. 364, 70 L.Ed. 2d 511 (1982) finding that courts must invoke the rules and authority that mandates that pro se pleadings be liberally construed.

Consequently, when this Honorable Court is interpreting this pro se pleading it should use common sense to determine what relief defendant desires and is due. See In: Green v. United States, 260 F.3d 78 (2nd Cir. 2001), holding that a pro se pleading should be "held to less stringent standards than formal pleadings drafted by lawyers."